# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

In re:                                            Case No.: 16-47502
                                                   Chapter 13
       Daniel Adamowicz, Jr.                 Judge: McIvor

Debtor
_____/

## AMENDED ORDER MODIFYING PLAN, MODIFYING AUTOMATIC STAY AS TO CREDITOR, WELLS FARGO BANK, N.A., RESOLVING TRUSTEES MOTION TO DISMISS FOR <u>FAILURE TO MAKE PAYMENTS UNDER CHAPTER 13 PLAN</u>

        This cause came before the Court on Debtor's, Daniel Adamowicz, Jr., Proposed Modification to Chapter 13 Plan; Creditors, Wells Fargo Bank, N.A., Motion for Relief From the Automatic Stay; and the Standing Chapter 13 Trustee's Motion to Dismiss. On April 18, 2019, this Court entered its Order resolving those matters based on the stipulation of Debtor, creditor and the Trustee. The parties have advised the Court that due to a scrivener's error, the order submitted to the Court included a paragraph awarding creditor $1031 that should not have been included in that order. The parties have requested that this Court enter an Amended Order to correct this error. This Court, having reviewed the pleadings in this cause, having reviewed the Stipulation of the parties, and being otherwise fully advised in the premises, and having concluded that cause exists for the entry of this Order,

        IT IS HEREBY ORDERED that this Court's Order Modifying Plan, Modifying Automatic Stay as to Creditor, Wells Fargo Bank, NA, Resolving Trustees Motion to Dismiss for Failure to Make Payments Under Chapter 13 Plan entered April 18, 2019, Court Docket number 81, as amended as set forth below. It is further

        ORDERED AND ADJUDGED Plan payments in the amount of $18,000.00 are excused. It is further

        ORDERED AND ADJUDGED that the Plan payment is increased to $560.00 per week effective May 1, 2019. It is further

        ORDERED AND ADJUDGED that Debtor shall make one full Plan payment of $560.00 to post on the records of the Chapter 13 Trustee between April 11, 2019, and May 15, 2019. If Debtor does not make the payment as required by the date specified, this case may be dismissed without further notice or hearing on the filing of an Affidavit of the

Trustee; and Creditor will be entitled to entry of an Order Modifying Stay without further notice or hearing on the filing of a Notice of Default for Creditor. It is further

ORDERED AND ADJUDGED that no later than May 15, 2019, Debtor will provide to the Trustee copies of Debtor's Federal Income Tax Returns for tax years 2016, 2017 and 2018. If Debtor does not provide the required Returns by the date specified, this case may be dismissed without further notice or hearing on the filing of an Affidavit of the Chapter 13 Trustee. It is further

ORDERED AND ADJUDGED if Debtor does not make any future Chapter 13 Plan payments, Trustee may submit a notice of default, served upon Debtor and Debtor's counsel and permitting 30 days from the service of the notice in which to cure any and all defaults in payments. If Debtor does not cure the defaults in payments after having been provided notice under the provisions of this Order, then the Trustee may submit an Order of Dismissal to the Bankruptcy Court along with an affidavit attesting to a failure to make Plan payments, and the proceedings may be thereafter dismissed without a further hearing or notice. It is further

ORDERED AND ADJUDGED If Debtor does not make any future Chapter 13 Plan payments, Creditor may submit a notice of default, served upon Debtor and Debtor's counsel and permitting 30 days from the service of the notice in which to cure any and all defaults in payments. If Debtor does not cure the defaults in payments after having been provided notice under the provisions of this Order, then Creditor may submit to the Bankruptcy Court an Order Lifting Automatic Stay as to the real property located at 8931 Beatrice St., Livonia, Michigan along with an affidavit attesting to a failure to make Plan payments, and the Order Lifting Automatic Stay may be entered without a further hearing or notice. Debtor's right to cure under this Paragraph is limited to two opportunities following filing of a Notice of Default by either Creditor or Debtor. If after the second opportunity to cure, Debtor defaults in Plan payments, Creditor will be entitled to entry of an Order Lifting Automatic Stay without further notice or hearing on the filing of an Affidavit of Creditor or Counsel for Debtor.

**Signed on May 22, 2019**



/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge